IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DWAYNE KESHUN TARPLEY, ) | |
| ) | Case No. 4:08CV00009 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA'S STATE GOVERNMENT, et al., ) | |
| ) | By: Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Before me is Plaintiff's *Motion for Summary Judgment* as to Defendant City of Danville, Defendant City of Danville's *Motion to Dismiss*, and Defendant Virginia State Government's *Motion to Vacate Default Judgment and Motion to Dismiss*. I heard oral arguments on these motions on October 2, 2008, and they have been briefed by the parties and are now ripe for decision. For the reasons given below, I will **DENY** Plaintiff's *Motion for Summary Judgment* as to Defendant City of Danville. I will also **GRANT** Defendant City of Danville's *Motion to Dismiss* and Defendant Virginia State Government's *Motion to Vacate Default Judgment and Motion to Dismiss*.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Previous Litigation

This case is a continuation of previous litigation filed by Plaintiff regarding his criminal history. Plaintiff Dwayne Tarpley ("Tarpley"), a *pro se* litigant, sued two officers of the City of Danville Police Department, a Magistrate, a General District Court Judge, and a prosecutor as a result of his arrest and prosecution for (i) driving while intoxicated and (ii) possessing a firearm after having been convicted of a felony. (*See* Previous Litigation, Pl.'s Compl. 1.) Plaintiff's

1

claims were based on the arrest and prosecution of the Plaintiff, the seizure of his handgun, and the Police Department's alleged refusal to return his handgun after the possession charge was dismissed. *See id.* Tarpley cited the prohibition against Bills of Attainder as the primary bases for his claims against the officers. Tarpley also asserted a claim for humiliation and injury to reputation based upon the publication of his name in the newspaper. *See id.* In subsequent filings, Tarpley also referenced claims under the Third and Fifth Amendments. This Court construed Tarpley's Complaint as asserting a claim under the Due Process Clause of the Fourteenth Amendment. All claims against the officers were dismissed in and *Order* by this Court on October 10, 2007. (Previous Litigation, Order Granting Def.'s Mot. to Dismiss October 10, 2007.) The Court dismissed claims against the Magistrate, Judge and prosecutor on the basis of judicial and prosecutorial immunity. (Previous Litigation, Order Granting Def.'s Mot. to Dismiss August 24, 2007.) After the dismissal of his claim, Plaintiff filed a Motion to Alter the Judgment. This Court denied Tarpley's motion October 22, 2007 and Tarpley did not appeal the Court's ruling. (Previous Litigation, Order Den. Mot. to Alter Judgment.)

### B. The Current Litigation

The current litigation is based on the same facts and circumstances as the previous litigation. The only difference between the two complaints is the identity of the defendants. In the current case, the Plaintiff sues the City of Danville ("the City") and Virginia's State Government ("the Commonwealth"). Plaintiff complains about his same August 4, 2006 arrest for driving while intoxicated and possession of a firearm as a convicted felon. (Pl.'s Compl. 1-2.) Tarpley pled guilty in state court to driving while intoxicated and the firearm possession charge was subsequently dismissed.

2

Plaintiff's claims are as follows: (i) deprivation of life, liberty, and property under the Due Process Clause of the Fourteenth Amendment, associated with his prosecution for possessing a handgun after having been convicted of a felony; (ii) a claim for a bill of attainder; (iii) a claim under the Equal Protection Clause; (iv) a claim for defamation based upon the newspaper's publication of his arrest for possessing a handgun after having been convicted of a felony; (v) a Third Amendment claim; (vi) a Fourth Amendment claim relating to the seizure of his handgun; (vii) claims under the Fifth Amendment; (viii) a Sixth Amendment claim; (ix) claims under the Eighth and Ninth Amendments; and (x) a claim for life insurance proceeds. (*See* Pl.'s Compl. 1-2.)

Tarpley filed his new Complaint on March 11, 2008. Service of process as to Defendant Virginia's State Government was executed on June 30, 2008 and an answer was due on July 21, 2008. After entry of Default Judgment against Defendant Virginia's State Government on August 14, 2008, Defendant Virginia's State Government filed a Motion to Vacate and Motion to Dismiss on September 10, 2009 seeking to vacate the default judgment and dismissal of Plaintiff's case under Fed. R. Civ. P. 12(b)(1), (5), and (6), and 60(b)(4) and (6).

Defendant City of Danville has filed a Motion to Dismiss under Rule 12(b)(6) for failure to state any claim upon which relief may be granted. Tarpley has a couple motions before this Court: he filed a Motion for Summary Judgment as to Defendant City of Danville and a Motion to Amend/Correct the Style of the case. Plaintiff's Motion to Amend/Correct the Style is merely requesting to correct the amount of monetary damages for each of his claims.

## II. STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D. Va. 1996) (internal quotation omitted). When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level," or else dismissal is appropriate. *Id*.

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

4

Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

In order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and the opposing party would not be unfairly prejudiced by having the judgment set aside. *See Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984); *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment. *Werner*, 731 F.2d at 206-07. Defendant's motion under Rule 60(b)(6) requires a showing of timeliness, a meritorious position, lack of prejudice to the opposing party, and exceptional circumstances. *Molinary v. Powell Mountain Coal Co., Inc.*, 76 F. Supp. 2d 695, 704 (W.D. Va. 1999). The power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion. *See Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir. 1987).

### III. DISCUSSION

#### A. Plaintiff's Motion for Summary Judgment as to Defendant City of Danville

A claim for defamation under Virginia law requires proof of (1) publication, (2) of a defamatory statement, (3) which the defendant either knew to be false or believing it to be true, lacked reasonable grounds for such belief or acted negligently in failing to ascertain the truth. *Goddard v. Protective Life Corp.*, 82 F. Supp. 2d 545, 560 (E.D. Va. 2000). Plaintiff's summary

5

judgment motion as to the City of Danville recites the legal requirements for public officials to recover damages in defamation actions related to official conduct. Plaintiff provides the Court with several citations to cases that are not relevant to the legal theories at issue in this case. He asserts that the City is not entitled to *res judicata* because the prior litigation was decided on judicial and prosecutorial immunity grounds. Tarpley also contends that the suppression of evidence favorable to the accused by a prosecutor violates the due process rights of the accused where the evidence is material either to guilt or punishment. Tarpley states that he was unlawfully convicted as a two-time felon and is ready to be convicted of a third felony.

As the City accurately points out in its Memorandum in Opposition, Plaintiff's Motion for Summary Judgment contains no allegations of fact sufficient to support the granting of summary judgment. There are no affidavits, testimony, or other evidence supporting his motion. There are clearly genuine issues of material fact in this matter. Plaintiff is required to demonstrate an absence of genuine issues of material fact in order to merit a granting of summary judgment under Rule 56. Fed. R. Civ. P. 56(c). Plaintiff provides no evidence supporting his arguments for summary judgment in order for this Court to rule on the merits of his claims. Furthermore, Defendant City of Danville has filed a timely Motion to Dismiss under Rule 12(b)(6) disputing the very claims at issue. Since Plaintiff's Motion for Summary Judgment cannot demonstrate the absence of genuine issues of material fact, his Motion for Summary Judgment is denied.

### B. Defendant City of Danville's Motion to Dismiss

Defendant City of Danville primarily relies on the legal doctrine of *res judicata* in support of his 12(b)(6) Motion to Dismiss. "[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440

6

U.S. 147, 153 (1979). To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits. *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997). By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, "[r]es judicata ... encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). Since an official capacity suit is the functional equivalent to a suit asserted against the empowering governmental entity, dismissal of a suit filed against a state actor sued in his official capacity is a bar to a later suit filed against the empowering governmental entity. *J.S., ex rel. Duck v. Isle of Wight County Sch. Bd.*, 368 F. Supp. 2d 522, 527 (E.D. Va. 2005) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[a] section 1983 lawsuit brought against an individual in his official capacity is . . . duplicative of a claim brought against the municipality")).

Defendant City of Danville argues that the defendants in the prior litigation were sued in their official capacities because every suit asserted against a state actor for actions taken within the performance of his official duties is presumed to be against the state actor in his official capacity. *See Collin v. Rector & Bd. of Visitors of Univ. of Va.*, 873 F. Supp. 1008, 1013 n.1 (W.D. Va. 1995). This presumption is confirmed when the Plaintiff's pleadings request injunctive relief arising out of a state actor's compliance with official policy. *See Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). The City points to the record and asserts that Tarpley sought to proceed against these individuals for the execution of their official duties. (*See* Previous Litigation, Pl.'s Compl. 1.) In addition, Plaintiff sought injunctive relief by asking this

7

Court to expunge his criminal record. (*See* Previous Litigation, Pl.'s Compl. 1.) Therefore, the police officers were sued in their official capacities as agents of City in the prior litigation. The City argues that this Court's resolution of Tarpley's prior official capacity claims on the merits precludes him from re-litigating those claims by changing the defendant to the municipality.[1]

Plaintiff contends that his claims should not be dismissed because his previous case was not decided by a jury. Since a jury did not decide the merits of his previous action, Plaintiff argues that *res judicata* should not apply. At oral argument, Plaintiff also alluded to a notion of absolute immunity being unfair with regard to the City of Danville. Plaintiff also asserts that he is being denied a fundamental right under the Equal Protection clause. In his response to the City's Motion to Dismiss, Tarpley set forth a defamation claim against the City with regard to his State criminal record that was made on March 12, 2007 and his FBI record which was updated on May 25, 2007 containing notations of his August 4, 2006 charges of possession of a firearm by a convicted felon, DUI, and refusal to take a breath test.[2]

It is well established through applicable case law that a final judgment on the merits bars further claims by parties based on the same cause of action. *Andrews v. Daw*, 201 F.3d 521, 524-25 (4th Cir. 2000). The current litigation against the City merely restates claims from the initial lawsuit against the officers sued in their official capacities. The only difference in the current case from the previous litigation is that the Plaintiff changed the defendant in nominal

---

[1] Defendant City of Danville also provides numerous other legal theories upon which it believes Plaintiff's claims should be dismissed. Because this Court finds that the doctrine of *res judicata* applies with regard to Plaintiff's claims against the City of Danville, the other defenses proffered by the City need not be discussed.

[2] The City stated in its Reply Memorandum that Plaintiff does not allege how the City of Danville would be responsible for an FBI or State criminal record. He also does not allege that it is untrue that he was arrested and charged on August 4, 2006 with possession of a firearm by a convicted felon, DUI, and refusal to take a breath test. Also, the state criminal record notes the dismissal of the possession of a firearm by a convicted felon charge and the refusal to take a breath test charge. (*See* Def. City of Danville's Reply Mem. in Supp. of its Mot. to Dismiss 2-3.) Even if Plaintiff's defamation claims regarding his State criminal history and FBI record are read as part of his Complaint, they still do not support a defamation claim against the City of Danville.

8

Case 4:08-cv-00009-JLK-mfu    Document 52    Filed 11/04/08    Page 8 of 15    Pageid#: 191

capacity to the City of Danville. The facts and circumstances underlying Plaintiff's claims against the officers in the current case are virtually identically to those in his previous case that was dismissed by this Court on October 10, 2007. The Plaintiff's previous suit was dismissed on the merits and his present action is barred by the doctrine of *res judicata*. Furthermore, there is no evidence in the pleadings that the City of Danville has deprived the Plaintiff of his due process rights under the Fourteenth Amendment. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against the City and his claims against the City of Danville are therefore dismissed.

      **C.**     **Defendant Virginia State Government's Motion to Vacate Default Judgment and Motion to Dismiss**

Defendant Virginia's State Government seeks to vacate the default judgment entered by this Court on August 14, 2008. The Defendant argues that the Eleventh Amendment bars suit against Virginia's State Government. The Eleventh Amendment prohibits private suits against unconsenting states unless Congress validly abrogates a state's Eleventh Amendment immunity. *Alden v. Maine*, 527 U.S. 706, 755-57 (1999). The Fourth Circuit has explicitly found that although the Virginia General Assembly has enacted the Virginia Tort Claims Act ("VTCA"), the VTCA did not amount to a waiver of the Commonwealth's Eleventh Amendment immunity. *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987) The Eleventh Amendment does not automatically destroy jurisdiction, rather, the Eleventh Amendment grants a state the option to raise the sovereign immunity defense should it so choose. *See Alden*, 527 U.S. at 756-57.

Virginia's State Government also claims that this Court lacked personal jurisdiction to enter the default judgment because service of process was improper. It is a well-established principle that when a statute designates a particular office to whom process must be delivered, no other officer may be substituted in its place. *Willey v. Ward*, 197 F. Supp. 2d 384, 387 (D. Md.

9

2002). In the absence of waiver or consent, failure to obtain proper service deprives the court of personal jurisdiction over the defendant. The Defendant contends that Federal Rule of Civil Procedure 4(j) requires that (i) the Governor of Virginia be served or (ii) service is executed in a manner prescribed by state law for serving a summons on such a defendant. Virginia law states that service on the chief executive would be proper if made by delivering a copy in writing to the party in person. *See* Va. Code. Ann. § 8.01-296.1 (2007). Substituted service can be perfected by delivering a copy to any person found at the party's usual place of abode who is a member of his family and is 16 years of age or older. *See* Va. Code. Ann. § 8.01-296.2.a (2007). If that fails, then service by posting may be executed on the front door of the party's usual place of abode. *See* Va. Code. Ann. § 8.01-296.2.b (2007). In this case, service was executed by a Deputy U.S. Marshal leaving the summons and Complaint with Ms. Svandis Pollard, a receptionist in the Office of the Governor.

      The Commonwealth provides that Ms. Pollard is a receptionist employed in the Office of the Governor. (*See* Ex. A to Def.'s Mot. to Vacate and Mot. to Dismiss.) She works in the atrium of the Patrick Henry Building and is not inside the actual Office of the Governor proper. She does receive deliveries, but has never been instructed or authorized to accept service of process on behalf of the Governor or the Commonwealth. When she does receive what appears to be a legal document, she gives it to either the Governor's Executive Assistant or the Chief of Staff's Executive Assistant. They are then authorized to have the document delivered to the Office of the Attorney General. After reviewing the Process Receipt, Ms. Pollard stated that she does not know what documents were attached to the receipt she signed, if any. (*See* Ex. A to Def.'s Mot. to Vacate and Mot. to Dismiss.) She also has no recollection of what happened to the documents she received that day. To date, the documents have not been located.

Plaintiff Tarpley responds that the Plaintiff has personal jurisdiction over the defendant because his place of birth is Virginia. He also argues that a defaulting party is taken to have conceded the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated. He also states that he is being discriminated against because the Governor's office lost his Complaint and summons. Thus, his Equal Protection rights were clearly violated on the basis of "racial segregation." Tarpley also argues that the Eleventh Amendment does not apply in this case because he is a citizen of Virginia. In response to the issue of proper service of process, Plaintiff claims that the argument is irrelevant because the U.S. Marshal served the Governor's Office and they signed for it. He also contends that although the police officers were not employees of Virginia's State Government, the judge and the magistrate are employees of the Commonwealth. The Plaintiff also states that it is irrelevant that the Commonwealth cannot be sued under 42 U.S.C. § 1983 because he is not suing under that constitutional provision.

Under Rule 60(b), the moving party must show that its motion is timely, it has a meritorious defense of the action, and that the opposing party will not be unfairly prejudiced in having the judgment set aside. *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984). Where a default judgment is at issue, Rule 60(b) must be read with due regard for Rule 55(c), which provides that "for good cause shown, the court may set aside an entry of default, and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988). If the moving party makes such a showing, then the party must satisfy one of the six grounds for relief under Rule 60(b) in order to obtain relief from the prior judgment. *Id.* There is no question in this case that the motion to vacate was timely. It was filed less than a month

after entry of the default judgment. The Fourth Circuit has previously held that motions under Rule 60(b) must be made within a reasonable amount of time. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). It is also clear that the Commonwealth has a meritorious defense, especially with regard to Virginia State Government's Eleventh Amendment immunity argument.[3] No doubt, Eleventh Amendment immunity is a privilege held by the Commonwealth and must be asserted as a defense. Thus, the courts need not assert the defense on a state government's behalf. *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). Unless the state raises the matter, the courts can ignore it. *Id.* If the state does not assert sovereign immunity as a defense, then it can be deemed waived. The additional defenses beyond Eleventh Amendment immunity raised by the Commonwealth are not without merit. These defenses, however, should have been raised by the Commonwealth prior to the entry of default judgment.[4] As to unfair prejudice, Tarpley would not be prejudiced beyond that of any party that loses a quick victory pursuant to obtaining a default judgment. *See Augusta Fiberglass Coatings, Inc.,* 843 F.2d at 812.[5]

The moving party must satisfy one of the six grounds for relief set forth under Rule 60(b) in order to obtain relief from the judgment under Rule 60(b). *See Werner*, 731 F.2d at 206-07.

---

[3] The Court notes that Defendant Virginia State's Government is not required to present a meritorious defense if relying specifically on Federal Rule of Civil Procedure 60(b)(4) for relief. *See Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 280 (5th Cir. 1987). Indeed, the Commonwealth also has the same issue preclusion defense as the City of Danville in this matter. *See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-28 (1979) (permitting a defendant to preclude a plaintiff from asserting claims the plaintiff previously litigated and lost against another defendant).

[4] The question remains as to why the Commonwealth did not file any response to this action until several weeks after entry of default judgment. Plaintiff filed his complaint on March 11, 2008. Virginia's State Government was served at the Office of the Governor in Richmond, Virginia on June 30, 2008 via the U.S. Marshals Service. The Commonwealth's Answer was due in this court on July 21, 2008. Although courtesy notices were routinely sent to the Office of the Governor by the Deputy Clerk of this court, including the Court's August 14, 2008 *Order* granting Plaintiff's Motion for Default Judgment, nothing was filed on behalf of the Commonwealth until September 10, 2008.

[5] The Court acknowledges the likelihood that Tarpley may lose his entire case if the default judgment is vacated on Rule 60(b) grounds.

The real issue with regard to Virginia State Government's motion is whether service of process was improper as to the Commonwealth, thereby preventing this Court from exercising personal jurisdiction over the Commonwealth. Under Rule 60(b)(4), an order is void only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Thus, if service of process was improper, this court lacked personal jurisdiction over the Commonwealth and the Commonwealth's motion asking the court to vacate the default judgment should be granted.

At oral argument, the Commonwealth admitted that the service papers were delivered to the Office of the Governor's reception area on June 30, 2008, but the whereabouts of the service documents from that date forward remains a mystery. Indeed, the Commonwealth stated at oral argument that after diligent search efforts by the Offices of the Governor and Attorney General of Virginia respectively, the papers have still not been located. It is difficult to understand, however, how legal papers could be lost by a receptionist in the Office of the Governor, especially considering the Plaintiff's use of the U.S. Marshal's service to execute service of process on the Commonwealth. The Commonwealth should have an ironclad procedure for handling service of process matters and getting legal documents to the appropriate parties.[6] It is evident that the process for handling such legal papers on behalf of the Commonwealth failed in this case.

---

[6] Ultimately, Exhibit A of Virginia State Government's Motion to Vacate Default Judgment and Motion to Dismiss asserts that the receptionist who accepted service was not authorized to act as the Governor's agent for service of process purposes under Federal Rule of Civil Procedure 4(j). Because this court is granting relief from the default judgment under Rule 60(b)(6), the court states no opinion as to whether Ms. Pollard is an agent of the Governor, and thus may stand in his place to accept service on behalf of the Commonwealth.

13

The Commonwealth proffers Rule 60(b)(6) as the "catch-all" provision which it argues applies because of the unique posture and legal issues present in this case. "Rule 60(b)(6) authorizes relief from judgments for any reason justifying relief other than those reasons set forth in Rule 60(b)(1) through (5)." *Park Corp.*, 812 F.2d at 897. No doubt, a meritorious defense exists in this case because of the Commonwealth's Eleventh Amendment immunity from private suits by its citizens in federal courts. However, the Commonwealth must do more than reiterate the existence of a meritorious defense to satisfy Rule 60(b)(6*). Id.* The Commonwealth must demonstrate that there is an additional reason beyond a meritorious defense justifying relief from the default judgment. *See id.*

I find that the action at hand falls within the realm of the Rule 60(b)(6) "catch all" provision based upon the service of process issues and the Commonwealth's compelling Eleventh Amendment immunity defense. There is conflicting case law regarding service of process on state officials and the ability of receptionists and employees within the official's office to accept service on the official's behalf. Even if service of process is deemed proper because Ms. Pollard was acting as the Commonwealth's agent, thereby giving this Court personal jurisdiction over the Commonwealth for default judgment purposes, the Commonwealth is entitled to relief from the default judgment under Rule 60(b)(6).[7] The power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers. *See Park Corp.,* 812 F.2d at 896. This provision specifically authorizes relief from judgments in extraordinary situations such as this where Rules 60(b)(1) through (5) are not specifically applicable. The Commonwealth proffered at oral argument that they have exhausted all avenues to locate the missing papers. Based on the unexplained loss of the service

---

[7] As the Fourth Circuit has previously stated, even "[t]he best of systems sometimes suffers an occasional

14

documents, the lingering question as to whether Ms. Pollard was the appropriate party to be served in the Office of the Governor, and the Commonwealth's compelling Eleventh Amendment immunity defense, I grant the Commonwealth relief from my August 14, 2008 *Order* granting Tarpley's Motion for Default Judgment.

## IV. CONCLUSION

For the reasons stated above, I will **DENY** Plaintiff's *Motion for Summary Judgment* as to the City of Danville, I will **GRANT** the City of Danville's *Motion to Dismiss*, and I will **GRANT** Defendant Virginia State Government's *Motion to Vacate Default Judgment and Motion to Dismiss*. An appropriate *Order* will be entered.

The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and *pro se* Plaintiff.

Entered this 4th day of November, 2008.

s/Jackson L. Kiser<br>
Senior United States District Judge

---

breakdown." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 898 (4th Cir. 1987) (Haynsworth, J., concurring).

15

Case 4:08-cv-00009-JLK-mfu   Document 52   Filed 11/04/08   Page 15 of 15   Pageid#: 198